Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelante<br><br>V.<br><br>ELÍAS SANTIAGO SANTOS, FULANA DE TAL Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | KLAN202300715 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV00229<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El 14 de agosto de 2023, compareció ante este Tribunal de Apelaciones, el Banco Popular de Puerto Rico, (en adelante, parte apelante o BPPR), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida el 13 de julio de 2023 y notificada el 14 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro primario desestimó sin perjuicio la *Demanda* presentada por el BPPR.

Adelantamos que, por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada. Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Número Identificador

RES2023 _____

# I

El caso que nos ocupa tiene su génesis en una *Demanda* sobre Cobro de Dinero interpuesta el 25 de enero de 2023 por el BPPR en contra del señor Elías Santiago Santos, Fulana de Tal y la Sociedad legal de Gananciales compuesta por ambos (en adelante parte apelada). Simultáneamente con la *Demanda*, el BPPR presentó *Moción al Expediente Judicial,* con la cual acompañó los correspondientes proyectos de emplazamientos para ser expedidos por la Secretaría del foro *a quo.* Los emplazamientos fueron debidamente expedidos en esa misma fecha.

El 20 de abril de 2023, la parte apelante instó ante el foro primario moción intitulada *Solicitud de Autorización para Emplazar por Edicto,* en la cual le expuso al Tribunal que había realizado sin éxito, diversas gestiones para emplazar a la parte apelada, por lo cual, solicitó que se le permitiera emplazarla mediante edicto. Acompañó su solicitud con una declaración jurada del emplazador Juan Esteban Martínez Vargas.

Mediante *Orden* del 28 de abril de 2023, notificada el 1ro de mayo de 2023, el Tribunal de Primera Instancia, denegó la solicitud de la parte apelante para emplazar por edicto a la parte apelada. En desacuerdo con lo resuelto, el 5 de mayo de 2023, el BPPR presentó ante dicho foro, *Solicitud de Reconsideración,* la cual fue denegada el 18 de mayo de 2023, notificada el 22 de mayo de 2023.

Posteriormente, el 13 de julio de 2023, notificada el 14 de julio de 2023, el foro *a quo* emitió la *Sentencia* apelada mediante la cual, desestimó sin perjuicio la *Demanda* incoada por el BPPR. Ello, bajo el fundamento de que había transcurrido el término de los 120 días para emplazar, conforme a la Regla 4.3 de Procedimiento Civil, sin que la parte apelante hubiese acreditado las diligencias realizadas para emplazar a la parte apelada.

Nuevamente inconforme, acude ante este foro revisor, la parte apelante mediante el recurso que nos ocupa y esgrime los siguientes señalamientos de errores:

Primer Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de emplazamiento por edicto que fuera presentada dentro del término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, y en su lugar desestimar la Demanda sin perjuicio alegando que el término de 120 días para emplazar había transcurrido.

Segundo Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al determinar que BPPR no acreditó diligencias para emplazar dentro del término para ello a pesar de haberse acreditado mediante declaración jurada las gestiones realizadas por el emplazador que resultaron infructuosas.

Mediante nuestra *Resolución* del 21 de agosto de 2023, le concedimos a la parte apelada hasta el lunes 18 de septiembre de 2023 para exponer su posición en torno al recurso. Habiendo transcurrido el término dispuesto, sin que compareciera la parte apelada a exponer su postura, procedemos a disponer del recurso sin el beneficio de su comparecencia.

**II**

## A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219, (2021).

Como regla general, un Tribunal Apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad para sustituir por sus propias apreciaciones, las determinaciones del tribunal de instancia. *Serrano v. Sociedad Española*, 171 DPR 717, 741 (2007); *Rolón v. Charlie Car Rental*, 148 D.P.R. 420, 433 (1999). Esto es, los tribunales apelativos deben mantener deferencia para con la apreciación de la prueba que realiza el foro primario. *McConnell Jiménez v. Palau*, 161 DPR 734, 750 (2004).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *SLG Rivera Carrasquillo v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, supra, pág. 356.

### B. Emplazamiento

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris*, 2022 TSPR 123 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y

presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004); *Medina v. Medina,* 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina, supra*; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997). (Énfasis en el original). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

Recordemos que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [...]". *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993). Véase *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a

derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

La figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con **120 días** para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra.

Sin embargo, es sabido que "[p]ara que comience a decursar ese término, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal". Esto, unido a que la propia regla establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, lleva al Tribunal Supremo de Puerto Rico a concluir que no se trata de solicitar una prórroga como tal. Más bien, según nuestra Alta Curia, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de

120 días. Por eso, no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días. (Citas omitidas). *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 650 (2018).

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a). *Caribbean Orthopedics v. Medshape et al*, 207 DPR 994, 1005 (2021).

En particular, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relacionado al emplazamiento por edictos. Esta dispone en lo pertinente, lo siguiente:

Regla 4.6. Emplazamiento por edictos y su publicación

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se **compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. (Énfasis en el original).

Respecto a la acreditación de las gestiones para emplazar, nuestra última instancia judicial ha establecido que: "[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Reyes v. Oriental Fed. Savs.*

*Bank,* 133 DPR 15, 25 (1993). De este modo, se debe expresar las personas con quienes se investigó y su dirección. *Global v. Salaam,* supra, pág. 482. Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". *Íd.,* págs. 482-483. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". *Íd.*, pág. 483.[1]

Sobre este particular, el Alto Foro, citando en lo concerniente, al tratadista Cuevas Segarra, ha dispuesto que la Regla 4.6 exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado, o cuando estando fuera de Puerto Rico, se ignora su dirección y paradero.[2]

Esbozada la norma jurídica, procedemos a aplicarla al caso ante nuestra consideración.

**III**

Nos corresponde resolver en esta ocasión, si incidió el foro primario al: 1) denegar la solicitud de emplazamiento por edicto que fuera presentada dentro del término de ciento veinte (120) días dispuesto en la Regla 4.3(c) de Procedimiento Civil, y en su lugar, desestimar la *Demanda* sin perjuicio alegando que el término de 120 días había transcurrido, y 2) al determinar que el BPPR no acreditó las diligencias para emplazar dentro del término para ello, a pesar

---

[1] Véase, *Sánchez Ruiz v. Higuera Pérez*, supra, págs. 988-989.
[2] Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, P.R., Publicaciones JTS, 2011, pág. 356.

de haberse acreditado mediante declaración jurada las gestiones realizadas por el emplazador que resultaron infructuosas.

Por estar estrechamente relacionados ambos señalamientos de error, los discutiremos de forma conjunta.

Conforme revela el trámite procesal del caso ante nos, la *Demanda* fue presentada el **25 de enero de 2023** por el BPPR. En **igual fecha**, la Secretaría del foro *a quo* expidió los emplazamientos del señor Elías Santiago Santos, por sí y en representación de la Sociedad Legal de Gananciales compuesta con Fulana de Tal y el de Fulana de Tal, por sí y en representación de la Sociedad Legal de Gananciales compuesta con Elías Santiago Santos para ser diligenciados por la parte apelante.

Ante las dificultades confrontadas para emplazar personalmente a la parte apelada, el **20 de abril de 2023**, la parte apelante presentó una *Solicitud de Autorización para Emplazar por Edicto,* en la cual le expuso al Tribunal que había realizado sin éxito, diversas gestiones para emplazar a la parte apelada. En vista de lo anterior, le solicitó al foro de primera instancia que le permitiera emplazar a la parte apelada mediante edicto. Acompañó su solicitud con una *Declaración Jurada* del emplazador Juan Esteban Martínez Vargas.

Tal y como lo establece nuestro ordenamiento procesal, el término de 120 días para diligenciar los emplazamientos comienza a partir de la fecha en que la Secretaría del Tribunal de Primera Instancia expide los emplazamientos para ser diligenciados. En este caso, dicha incidencia procesal, como dijimos, ocurrió el **25 de enero de 2023**. Nótese que, a partir de esa fecha, la parte apelante disponía hasta el **25 de mayo de 2023** para diligenciar los emplazamientos.

Dentro del mencionado término, esto es, el **20 de abril de 2023**, la parte apelante acudió al foro primario para solicitarle que

le permitiera emplazar a la parte apelada por edictos, habida cuenta de que no le había sido posible diligenciar los emplazamientos personalmente, a pesar de sus diversas gestiones para así hacerlo.

De entrada, es meritorio destacar que, la parte apelante le solicitó al foro primario que le autorizara emplazar mediante edicto a la parte apelada, habiendo transcurrido solamente **ochenta y cinco (85) días**, desde que estos fueron expedidos por la Secretaría del foro apelado.  Por consiguiente, dicha solicitud fue oportuna, toda vez que, no había decursado el término reglamentario de ciento veinte (120) días para diligenciar los emplazamientos. Consecuentemente, colegimos que el primer error señalado fue, en efecto, cometido por el foro primario.

En segundo lugar, nos corresponde determinar si el BPPR logró acreditar las gestiones para emplazar a la parte apelada, de modo que, ameritaba que el foro apelado expidiera los emplazamientos por edicto. Del expediente ante nuestra consideración surge que, con su solicitud para emplazar por edictos, la parte apelante acompañó la Declaración Jurada del emplazador Juan Esteban Martínez Vargas.

Nos corresponde, pues, determinar si, "[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades". *Reyes v. Oriental Fed. Savs. Bank,* supra, pág. 25. De este modo, se debe expresar las personas con quienes se investigó y su dirección. *Global v. Salaam,* supra, pág. 482.  Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". *Íd.,* págs. 482-483. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos

razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo".

En la aludida declaración, el emplazador afirmó bajo juramento, lo siguiente:

### DECLARACIÓN JURADA EMPLAZAMIENTO NEGATIVO

Yo, Juan Esteban Martínez Vargas, mayor de edad, soltero, emplazador y vecino de Guaynabo, Puerto Rico, bajo juramento **Declaro**;

1. Que se leer, no soy abogado y no tengo interés alguno en este caso de epígrafe.

2. Que se me hizo entrega de la demanda y emplazamiento en el caso de epígrafe, con el propósito de diligenciar el mismo.

3. Que en adición la parte demandante a través de su representación legal establece lo siguiente:

   a. Las dirección física y postal es: 1 Paseo Gautier Benítez, Caguas PR 00725. Caguas Pueblo CII Muñoz Rivera #30, Caguas PR.

   b. Teléf. # 787-258-6888 & 787-746-2976

4. Que despu[é]s de visitar las direcciones que surgen de la demanda, emplazamiento y cartas certificadas (#1 Paseo Gautier Benítez, Caguas PR 00725 Caguas Pueblo Cll Muñoz Rivera #30, Caguas PR.) (anejo/foto) las cuales NO pertenecen al demandado según entrevistados en la **(Pizzer[í]a Isabella La Tratoria**; con dirección #1 Paseo Gautier Ben[í]tez **& La Bot[á]nica M[í]stica Erzulie** con dirección #30 Caguas Pueblo calle Mu[ñ]oz Rivera).

5. Que los # tel. que hacen referencia a los demandados de ep[í]grafe 787-258-6888 & 787-746-2976 NO tienen tono al llamar y r[á]pido se cae la llamada como si estuvie[ran] desconectado[s]. Que del expediente por parte de los demandantes NO surge mas ninguna información de los últimos lugares de empleo conocido ni mucho menos direcciones adicionales para los demandados de ep[í]grafe.

6. En una b[ú]squeda de las páginas cibernéticas Google, Truepeople & Facebook Messenger, solo encontré la misma dirección postal que surge de la demanda y las cartas; **PO BOX 45, Caguas PR 00726**(anejo/foto), una corporación Cancelada bajo el nombre de Gold-Father Inc (anejo/foto) con la que el nombre del demandado fungía como presidente & agent en la misma dirección ya visitada Paseo Gautier # la cual ahora es Rest de Pizzer[í]a y Facebook varias per[so]nas con el mismo nombre al cual escrib[í] a los

que podr[í]a pensar que podría ser pero NUNCA recib[í] contestación a mi solicitud.

7. En la Alcald[í]a y Cuartel Policía Estatal & Municipal de Caguas NO conoce ni tienen información de los demandados de ep[í]grafe. Que a pesar de lo antes mencionado y las investigaciones sobre los demandados de epígrafe NO es posible dar con estos[.] Que dada las circunstancias anteriormente expresadas suscribo la presente declaración jurada tiempo más que suficiente.

Y PARA QUE ASI CONSTE, firmo y suscribo la presente Declaración Jurada en Bay., Puerto Rico.

(Fdo.)
Juan Esteban Martínez Vargas

En fin, luego de evaluar ponderada y sosegadamente la declaración jurada del emplazador Martínez Vargas, razonamos que, la misma cumplió con lo dispuesto por nuestra última instancia judicial. En otras palabras, la declaración jurada acreditó las diligencias realizadas para emplazar a la parte apelada personalmente mediante hechos específicos y no meras conclusiones o generalidades. El emplazador expresó los lugares específicos en los que investigó, y su dirección. Afirmó haber indagado por la parte apelada en la Alcaldía de Caguas, así como en el Cuartel de la Policía Estatal y Municipal de Caguas. Además, acotó haber realizado una búsqueda en las páginas cibernéticas Google, Truepeople & Facebook Messenger. En fin, el emplazador efectuó diligencias vigorosas y un honesto esfuerzo para emplazar a la parte apelada personalmente.

En vista de lo anterior, es razonable pensar que, el apelado no pudo ser emplazado, toda vez que, se ignora su dirección y paradero.[3] Colegimos, pues, que las gestiones efectuadas por la parte apelante fueron acreditadas suficiente y satisfactoriamente, conforme a las directrices que ha mandatado nuestro Alto Foro. Consecuentemente, concluimos que la primera instancia judicial

---

[3] Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, P.R., Publicaciones JTS, 2011, pág. 356.

cometió los errores señalados e incidió al no autorizar que la parte apelada fuera emplazada por edicto.

**IV**

En vista de lo anterior, se ***revoca*** la Sentencia apelada y se devuelve el caso al foro primario para la continuación de los procedimientos, de conformidad con lo aquí expuesto.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones